United States District Court

For The District Of New Mexico

Petition 28 U.S.C. § 2255

Orin Kristich
Petitioner

Case No.
(1:16-CR-02635-WJ)
(1:20-CV-01309)

Petition 28 U.S.C. § 2255;
(D.P.P.A.; F.S.A.; U.S. Const; F.S.A.
18. U.S.C. §4161)

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 29 2022

MITCHELL R. ELFERS
CLERK

United States Of America
Respondant

1    Now comes, Orin Kristich, to Petition this court for

2    review of his conviction and sentence pursuant to § 2255;

3    The Due Process Protection Act; The First Step Act; The United

4    States Constitution; The Fair Sentencing Act; and 18 U.S.C. §4161; for

5    the following reasons:

6    <u>Ineffective Assistance of Counsel:</u>   (I.A.C.)

7    ① The Sixth Amendment provides that "in all criminal prosecution(s),

8    the accused shall enjoy the right to have assistance of counsel

9    for his defense." Mr. Kristich(s) counsel was ineffective

10   assistance of counsel in this case. Furthermore, Mr. Kristich(s)

11   conviction is invalid because of his counsel(s) failure to

12   raise all the claim(s) herein; in his defense, and such claim(s)

13   are of a Constitutional nature. (see The Strickland Test.)

14   In Hill v. Lockhart, " the Strickland test applied to the plea

15   bargaining context." In light of the above case it is very

16   unreasonable for counsel to advise Mr. Kristich to sign a

17   plea only a few months after Mr Kristich tested positive

18   for Covid-19; in (7-24-2020.) Mr. Kristich changed his plea

19   on (10-27-2020.)

20   A. Mr. Kristich(s) counsel did not investigate his mental health

21   after he tested positive for covid; before letting him sign any

22   plea. (counsel knew that evidence on the record in (1:20-cv-01309)

23  "Evidence shows that the Covid-19 pathogen can impact "nearly

24  every major organ system in the body", and can leave even

25  young and otherwise healthy patients "debilitated or dead.""

26  The record in the above case in point "Blood clots from covid-19

27  can cause sever strokes in young and middle-age patients that

28  "obliterate large parts of the brain responsible for movement,

29  speech, and decision making..." Moreover, on Thanksgiving day

30  Mr. Kristich experienced a black-out where he was found

31  passed out on the floor of his cell. However, did counsel

32  investigate his mental health or look-into how many

33  black-out's had happened when Mr. Kristich was in the

34  process of a "plea bargain"? (The answer is No!)

35  Furthermore, Mr. Kristich was telling counsel to go to trial for

36  around 31 mo before covid-19. (extrem prejudic by counsel!)

37  B. Mr. Kristich received ineffective assistance of counsel due to

38  a conflict arising from a hostile and uncommunicative

39  relationship, and counsel(s) failure to point out any and

40  all evidentiary discrepancies to Mr. Kristich, and the court:

41  ("diligently discovered") scientific evidence that was

42  presented at Mr. Kristich(s) sentencing; which undermines

43  the prosecution(s) entire case and points to Mr. Kristich(s)

44  innocence (A.I.C.) (See United States v. Williams, 382

45  F. Supp. 3d 928 (9th Cir 2019) "Even with the improvements

46  in amplification technology, other factors present challeges to

47  accurately indentifying the number of contributors. The

48  challege of allele sharing is "frequently" exacerbated

49  by samples that have degraded or which originally contained

50  only a small amount of D.N.A." ) (See Exhibit A (2255))

51  Moreover, as seen in "Williams, 382" under B. Probabilistic

52  Genotyping and Bullet. "SERI did not seek to validate Bullet

53  for use with five-person mixtures." "According to Hopper(s)

54  testimony, one key advancement of Bullet is its ability

55  to consider the possibility that some alleles are not

56  detectable because they have dropped out of the mixture. Due

57  to degectable or simply low quantities of D.N.A.; not all

58  of a contributor(s) alleles will necessarily be detectable

59  at every locus." ( Post-plea )(Mr. Kristich found out a few

60  week(s) before his sentencing ) ( See Exhibit A-2 ( 2255 ) ) In

61  Mr. Kristich(s) case counsel did not inform him that the

62  prosecution(s) claimed evidence not only contained a very low

63  amount of D.N.A.; but was also a mixture of person(s).

64  However, the number of person(s) that make up the mixture

65  is still unknown to Mr. Kristich. (Quoting) John M. Butle,

66  of Fundamentals of Forensic D.N.A. Typing, 331 (2010)

67  [Gov's Ex 34 found in William's] "Trying to

68  generate a reliable S.T.R. profile with only a few

69  cell(s) from a biological sample is similar to looking

70  for an object in the mud or trying to decipher the

71  image in a fuzzy photograph." (See Peter Gill, Supra

72  at 229.) "Interpretation of LCN results is not

73  straightforward." In light of the above Mr. Kristich

74  is asking was the D.N.A test in his case admisissible

75  under Daubert, and the Feb.R. Evi. Rule 702.

76  Furthermore, it was very unreasonable that counsel did

77  not request a Daubert hearing or make objections) to

78  the above at sentencing: in this case. Mr. Kristich

79  is challenging the (L.C.N.) (D.N.A testing); that the

80  low copy number testing is not generally reliable even

81  in the forensic science commuity, because the sample

82  in this case is too small, and yielded unrelible and

83  nonreproducible results. ( The Lab who did the

84  testing; Mr. Kristich's counsel; and the government

85  know this is a fact.)

86  C. Mr. Kristich(s) counsel failed to inform him that

87  the prosecution(s) witness was impeachable; and whether

88  any and all of the witness statement(s) could be used to

89  impeach the witness. As Mr. Kristich found out at sentencing

90  when the prosecution pointed it out. (As found in Mr Kristich(s)

91  sentencing transcript(s).) Moreover, counsel(s) failure to

92  challenge and/or object to the use of such Statement(s);

93  as fact(s) to support "relevant conduct" at sentencing

94  pursuant to Fed. R. Crim. P. Rule 32 and U.S.S.G. 1B1.3

95  (The applicable guideline say(s) " the court may rely upon

96  "reliable" hearsay so long as the evidence meet(s) the

97  preponderance of the evidence standard.") However, this

98  court use(d) "unreliable" statement(s); four "fictional

99  storie(s)" as "fact(s)" to support the above evidence

100  standard. (A 5th story was not even considered.)(These

101  were not fact(s) in the case.) As pointed out by Mc.Kristich

102  at sentencing Fed. R. Crim. P. Rule 32 and U.S.S.G 6A1.3

103  can be used when a witnesse(s) statement(s) should

104  not be considered. (see Mr. Kristich(s) sentincing

105  transcript(s).) ("counsel(s) failure to object to extream

106  prejudiced to the defendant"(by Judge Johnson / the court).)

107   D. Ineffective assistance of counsel due to professional

108   malconduct as shown in Exhibit B (2255), recorded phone

109   call(s) with counsel talking about objection(s); to be made to

110   the P.S.I.; claim's that counsel told Mr. Kristich he

111   would be making at sentencing. However, (Alejandro

112   Fernandez) "counsel" prejudiced Mr. Kristich by not

113   making all objection(s); after almost a year of

114   recorded phone call(s) asking counsel to make such

115   "objection(s)".

116   E. Counse failed to inform Mr. Kristich that he could

117   challenge the grand jury on the ground(s) that he/she was

118   not lawfully drawn summoned ... and may challenge

119   an individual juror on the ground(s) that the juror is

120   not legally qualified. Fed. R. Crim. P. Rule 6 (b)(1),

121  F. Counsel lied to Mr. kristich about Fed.R.Crim.P.

122  Rule 6 (c) "The foreperson or deputy foreperson may

123  administer oath(s)... and will sign all indictment(s)...

124  (when asked about the above rule counsel told

125  Mr. kristich, " it is an electrotonic signature and

126  can not be seen; however when all the parties

127  signed the plea on electrotonic signature pad it

128  can be seen. In relation to federal procedural

129  Due process of law by way of the 5th Constitutional

130  amendment, " No person shall be held to answer for a

131  capital or otherwise infamous crime, unless on a

132  presentment or indictment of a grand jury without

133  Due process of law"; there was no true bill; (no signed

134  indictment in Mr. kristich(s) case.) Fed. R. Crim. P.

135   Rule b (E) (3) (e) (ii) The court may authorize disclosure

136   at a time, in a manner, and subject to any other conditions

137   that it directs of a grand jury matter " at the request of

138   a defendant who show's a ground may exist to dismiss

139   the indictment because of any matter that occurred before

140   the grand jury. Counsel told Mr. kristich that this rule does

141   not apply to the (defendant(s)) case. Moreover, Fed. R. Crim. P.

142   Rule 7 (f) counsel did not file a motion for a bill of

143   particulars; the defendant may move for a bill of

144   particulars before or within 14 day(s) after arraignment or

145   at a later time if the court permits. Furthermore, the record

146   show(s) that counsel for Mr. kristich did not file any motion(s)

147   in his defense; for over three year(s) when Mr. kristich was

148   telling counsel to go to trial on recorded call(s) ( Not even one motion)

149    Fed. R. Crim. P. Rule 12 (b) (3) (A) (v): motions that must

150    be made before trial: The following defense(s), objection(s)

151    , and request(s) must be raised by pretrial motion; if

152    the basis for the motion is then reasonably avaible: (iii)

153    a violation of the Constitutional right to a speedy trial;

154    (180 day(s)) (see the speedy trial act.) (iv) Selective or

155    vindictive prosecution; (v.) an error in the grand jury

156    proceeding(s) or preliminary hearing. The only motion(s)

157    filed pretrial/preplea by counsel were to postpone

158    Mr. Kristich(s) trial nothing else is shown on the record of

159    the court. (When Mr. Kristich asked counsel about why

160    the court postponed so many time(s) counsel said it was

161    the judge doing this: however, the record show(s) counsel

162    made the request. (More lie(s) on recorded phone call(s) at

163    C.C.A.)

164    G. Counsel failed to object to the use of State v. Romero,

165    2000 NMCA-029, 31, 128 N.M. 806, 999 P.2d, 1038.

166    "Causing or encouraging a minor to refuse to obey the

167    reasonable and lawful command or direction of... person who

168    has lawful authority over the minor" requires proof" that

169    the defendant or by exercise of reasonable care should have

170    known of such command or direction." (However, the defendant

171    Mr. Kristich could not have known.) (see plea agreement.)

172    Furthermore, the state of New Mexico, and the Federal courts)

173    have not upheld a constitutional right to present a mistake-

174    of-age defense to a charge of Statutory rape when the

175    person is age 12" (or under) (see United States v. Juvenile Male,

176    211 F.3d 1169, 1171 (9th Cir 2000) "no constitutional right to

177. persent mistake-of-age defense to a charge of committing sex act

178. with a person under twelve." (see Perez v. State, 111 N.M. 260, 803 P.2d

179. 249 (N.M. Sup.Ct. 1990) "though strict liability is required to protect

180. {825 F. Supp 498} children under the age of thirteen, reasonable

181. mastake-of-fact defense permitted by judicial decision, if victim

182. is between 13 and 16 ... (in view of statutory provisions providing

183. for mastake-of-fact defense and requiring mens rea for all crimes

184. not deemed strict liability offenses by legislature, government

185. must prove defendant was aware of or was negligent to the age

186. of the victim and affirmative defense of mastake-of-fact must

187. be permitted; State v. Doda, 53 Wash. App 178, 765 P.2d 1737

188. (Wash. Ct. App. 1989.)" Moreover, when the minor represented self

189. to be over age to Mr. Kristich; mastake-of-fact or mastake of age

190. defense should have been permitted (had counsel not lied to

P 14 of 28

191    Mr. Kristich about the above defense on more than one recorded phone

192    call.) (see plea agreement and sentencing transcripts.) the minor in this

193    case told officers and a witness for Mr. Kristich she was over 18 years

194    old. (see Xinlu Ruan v. United States (June 27, 2022) Mr Kristich did

195    not committ a "scienter" act; no "mens rea" as shown in the "learned"

196    language in the admission of facts. (see admission of facts;plea)

197    H. As stated on the record by counsel (see sentencing transcripts)

198    Mr. Kristich was not aware of the imposed sentencing guidelines and

199    "2241" "pre plea"; Mr. Kristich was made aware of the guidelines after

200    signing the plea agreement. This is a violation of the defendant(s) right

201    to enter into the plea agreement as an informed and voluntary plea.

202    This show(s) that Mr. Kristich was represented by ineffective assistance

203    of counsel; because Mr. Kristich was not aware of everything he needed to

204    know; and other possible defenses may not have been told to

205    Mr. Kristich, and all objection(s) should have been made by

206    counsel.

207    I. Fed. R. Crim. P. Rule 52(b)- Plain Error, a plain error

208    that affects substantial right(s) may be considered even

209    though it was not brought to the court(s) attention. Under

210    Fed. R. Crim. P. Rule 26.2 (a) - (g), and Rule 32 (i) (2)

211    Introducing Evidence; producing a statement. The court

212    may permit the parties to introduce evidence on the

213    objection(s). "If" a witness testifies at Sentencing, Rule

214    26.2 (a) - (d) and (f) applies. However, "If" a party

215    fails to comply with Rule 26.2; the court must

216    not consider that witnesses testimony. Furthermore,

217    counsel made no objection(s) to the use of such; and

218    let Judge Johnson use the witness (minor(s)) statement(s)

219   as Mr. Kristich(s) statement to support the use of 2241

220   ,and guideline(s);(see sentencing transcript(s)) Mr. kristich

221   told Judge Johnson he never made a statement. Judge Johnson

222   say(s) the statement was in the "911 call". However, the

223   911 call show(s) no such "fact". The statement used as

224   Mr. kristich(s) statement was in fact one of minor(s)

225   many statement(s); that were not fact(s) in this case.

226   But was used as additional fact(s) to use "2241"

227   "offense involved conduct."

228   J. Preserving Claimed Error: Rule 51(b), a party may preserve

229   a claim of error by informing the court - when the court

230   ruling or order is made or sought - of the action the party

231   wishes the court to take, or the parties objection on the

232   court(s) action(s) , and the ground(s) for that objection:

233   If a party does not have an opportunity to object to a

234   ruling or order, the absence of an objection does not later

235   prejudice that party. A ruling or order that admits or excludes

236   evidence is governed by Fed. R. Of. Evid. 103. At sentencing

237   the U.S. attorney said that Mr. Kristich knew that A.W. was

238   under age because she told Mr. Kristich that she was going to

239   her mom(s) house in michigan; (This is not a "fact" in the

240   case.) Moreover, the government claimed this was a "fact" of

241   "prior knowlage" that Mr. Kristich used to control the situation

242   and was "offense involved conduct" described in 18 U.S.C. 2241

243   However, there is no evidence to show that this was ever

244   said to Mr. Kristich, and should not be used as a "fact".

245   This shows) counsel(s) failure to object to the government(s)

246   use of untruthful statement(s)/testimoney after the

247  prosecution told the court that A.W.(s) statement(s) were

248  untruthful, and the witness could be impeached.

249  K. As show in Exhibit C, Mr. kristich(s) counsel is ineffective

250  assistance of counsel for failure to appeal; when counsel knew

251  that the court, and the U.S. attorney breached the plea

252  agreement by going outside the admission of fact(s); counsel

253  handed Mr. kristich a note at sentencing that say(s) "Read

254  addmission of fact(s) from plea". (120nd (ten year(s)).

255  The admission of fact(s) clearly say(s) "who I have "learned"

256  was 13 year(s) old at the time". Furthermore, this undermines

257  the first element of 18 U.S.C. §2422 (a) - The defendant

258  "knowingly" persuaded ... Is the court saying the word(s)

259  "knowingly" and "learned" have the same meaning?

260  L. The court in Mr. kristich(s) case imposed no access to

261 | adult porn with no objection(s) from counsel. Counsel

262 | failed to object to no access to adult porn; and this

263 | was improperly imposed by the court, and need(s) to be

264 | vacated because it was vague and/or improperly delegated

265 | the court(s) authority to determin the defendant(s) sentence

266 | to individual(s) who do not work for the court. (The

267 | probation officer and the treatment provider.) The 1st

268 | Amendment, under Artical III; the Judge can not let the

269 | probation officer and/or the treatment provider determin

270 | whether a condition should be imposed. (see United States v.

271 | Eric D. Wagner ( (2017) No. 15-3265 ); United States v.

272 | Tom Lusul Malenya (No. 12-3069); Moreover there was

273 | no porn in Mr. Kristich case "child" or "adult". Under

274 | 18 U.S.C. 3583 (d)(2) - "involves no greater deprivation

275 | of liberty than is reasonably necessary for the purposes set

276 | forth in section 3553 ... However, this does invole a greater

277 | deprivation of liberty than is reasonably nessary, and was

278 | not part of any "criminal conduct", and has nothing to do

279 | with protection of the public from futher crime(s) of Mr. Kristich

280 | M. Congress basic statutory goal - "a system that

281 | diminishes sentencing dispurity ... depend(s) upon judical

282 | effort(s) to determine, and base punishment upon, the real

283 | conduct that underlines the crime of conviction". (See Supreme

284 | court in United States v. Booker,)" that the consideration

285 | of real conduct is necessary to effectuate Congress

286 | purpose in enacting the guideline(s). (In the heartland

287 | of case(s) most defendant(s) with more than one

288 | conviction of 2422(a), and other charges recived around

249 | 72mo in the United States. (See United States v Burns (2009);

290 | Marziani v. United States; United States v. Anderson, U.S. Dist. Lexis

291 | 4697 (2015).) Mr. Kristich(s) case was outside the heartland of

292 | cases); however, he was still sentenced to 120mo; more than

293 | defendant(s) that have worse "criminal conduct", and more than

294 | one charge. (Under 2422(a). Furthermore, the state charge

295 | that is in support of his 2422(a); 30-9-11 (G)(1) having a

296 | maximum term of imprisonment of 18mo.

297 | N. Counsel(s) failure to object to the use of the 2020

298 | U.S.S.G; "The ex-post facto clause prevents a court from

299 | sentencing an offender under a new law that is more onerous

300 | than the law in effect when the offense was committed." (See

301 | Miller v. Florda, 482 U.S. 423, 96 L.Ed.2d. 351, 107 S.Ct

302 | 2446 (1987)." The purpose of the ex-post-facto clause is

303 | to give the citizenry fair notice of the consequences of their

304 | actions, and to permit individual(s) to rely on the meaning of

305 | the law explicity charged (Id at 430), the ex-post-facto

306 | clause applies to the federal sentencing guideline(s)." Counsel

307 | should have objected; and requested the use of the 2017

308 | U.S.S.G., and they should have been considered. Mr. Kristich is

309 | challenging the use of the 2020 U.S.S.G.; any policy statement(s)

310 | official commentary of the sentencing commission: the 2017

311 | set that was in effect when the offense was committed

312 | should be used. (See United States v. Morrow, 925 F.2d.779

313 | (4th cir 1991) "Therefore, if comment 2, as amended, provids a

314 | more severe punishment for the accused than was applicable at

315 | the time his offense was committed, then it would be

316 | impermissible to consider it in his sentencing."

317  D. In light of all the above Mr. Kristich(s) counsel advised

318  him to sign a plea in deprivation, and violation of Mr. Kristich(s)

319  Constitutional Rights; Under the 5th Amend.; the 6th Amend.;

320  the 14th Amend.; the 1st Amend.; the 10th Amend.; the 11th Amend.; et, al

321  ect. Moreover, if it was not for his counsel(s) extream error(s), and

322  lie(s) the outcome of Mr. Kristich(s) case would have been

323  different, because Mr. Kristich would not have taken a guilty plea;

324  and/or would not have received such a severe sentence; if it

325  were not for his counsel(s) extream prejudice. Mr. Kristich

326  would have gone to trial.

327                Actual Innocence Claim(s)

328  ① In light of House v. Bell, 547; all claim(s) herein,

329  Mr. Kristich is claiming "Actual Innocence", because counsel

330  did not tell him or raise any and all possible defense(s);

331 | evidence; law(s); Rule(s); Const. Amend.; U.S.S.G.(s); Statute(s);

332 | et, al; ect.

### In Conclusion:

333 | Wherefore, Mr. Kristich(s) federal procedural due process

334 | and equal protection of law privileges, and immunities; are

335 | guaranteed by the Constitutional Doctrine. The ineffective

336 | assistance of counsel has so prejudiced the defendant up to

337 | this time table of the Fed. R. Crim. P.; possible defense(s);

338 | evidence; law(s); Rule(s); Constitutional Amendment(s); U.S.S.G.;

339 | Statute(s); et, al; ect; that Mr. Kristich is concerned that the

340 | federal due process of law herein will be inconsistant (as has

341 | been) beyond a reasonable doubt that the due process of law

342 | violation(s) herein will continue to morph if this court does

343 | not grant relief at this time. Since counsel has been

344 | ineffective assistance of counsel as "due diligence" by Mr. Kristich

345   has discovered, how can Mr. kristich expect a fair and just

346   due process based on these infraction(s) and due process violation(s)

347   ? Ineffective Assistance of counsel ~~has~~ been established and can be

348   seen on the record of the court. Last, "if" the court does not

349   dismiss this case on federal due process of law violation(s), then

350   how can Mr. kristich have a fair, and just due process at any

351   stage of the proceeding(s) within this venue? Therefore, the only

352   logical answer of sound reason is the court lack(s) subject

353   matter jurisdiction.

354   <u>Prayer For Relief</u>:

355   In light of the United States Constitution; and

356   the case law(s); law(s); The Strickland Test.

357   Mr. kristich is entitled to relief in one of ~~three~~ way(s):

358 ① That this court grant Mr. Kristich a new trial on the

359 charge in this case, because his plea, and sentence are

360 in violation of the United States Contitution; making

361 the plea, and sentence illegal. Furthermore, the plea is

362 null and viod.

363 ② That this court dismiss this case because of the

364 herein infraction(s) and due process violation(s); Therefore,

365 the court lack(s) subject-matter-jurisdiction.

366 ③ That this court resentence Mr. Kristich based on

367 the true "fact(s)" of his case; because he is

368 entitled to at least the minimum amount of relief

369 required by law. Furthermore, that the court grant

370 Mr. Kristich any and all relief that it deems apt

371 and that will be in the interest of justice.

| | |
|---|---|
| 372 | Respectfully submitted    Orin Kristich |
| | Name |
| 373 | I certify under penalty of perjury    Orin Kristich |
| | Signature |
| 374 | that the foregoing is true and correct.    07 /25/ 2022 |
| 375 | Form 7. Declaration of Inmate Filing ; |
| 376 | I am an inmate confined in an institution. Today / /2022, |
| 377 | I am depositing the Petition 2255 in the institutions |
| 378 | interal mail system, First-class postage is prepaid. I |
| 379 | hereby certify that this petition was sent by U.S. mail |
| 380 | on the above date. |
| 381 | I declare under penalty of perjury that the foregoing |
| 382 | is true and correct under 28 U.S.C. §1746; 18 U.S.C. §1621 |
| 383 | Orin Kristich |
| | Name |
| 384 | 07 /25/ 2022    Orin Kristich |
| | Date    Signature |

P 28 of 28