IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

v.                                                                                No. 22-cv-569-WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DIRECTING AMENDMENT AND DENYING PENDING MOTIONS**

Petitioner Orin Kristich is a federal prisoner in the custody of the Federal Bureau of Prisons, USP Tucson. Proceeding pro se, he seeks to challenge the Constitutionality of his conviction and sentence. Before the Court are Petitioner's handwritten Petition seeking a writ of habeas corpus under 28 U.S.C. § 2255 (Doc. 1) (the "Petition"); Petitioner's supplements to the Petition (Docs. 5, 7, 8, 11-13); Petitioner's Motion in Support of the Petition (Doc. 10); Petitioner's Motion for Discovery (Doc. 2); and Petitioner's Motion to Appoint Counsel (Doc. 4).

Having reviewed the Petition, the supplements, the pending motions and the relevant law, the Court will require Petitioner to file a single amended habeas petition on a form provided by the Court and will deny the pending motions.

    1.    <u>Petitioner Will be Required to File an Amended Petition</u>

The Petition is subject to preliminary review under Habeas Corpus Rule 4. Before conducting a preliminary review, however, the Court will require Petitioner to file an amended petition in a form that complies with the governing rules of procedure. Pursuant to Habeas Corpus Rule 2(d), a petition must substantially follow the form § 2255. A petition must also comply with Rule 8 of the Federal Rules of Civil Procedure, pursuant to which the petitioner must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Together, the handwritten Petition, the numerous supplements, and Petitioner's Motion in Support of the Petition comprise 74 pages, spanning 8 documents. It is not the role of the Court to "sort through a lengthy . . . complaint and . . . exhibits" to construct a petitioner's claims. *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (citations omitted). Petitioner will be required to file a single amended petition on the form provided by the Court including a short and plain statement of his claims to relief. As Petitioner is required to file an amended petition, the Motion in Support of the Petition will be denied as moot.

2.      Petitioner's Motion to Appoint Counsel.

"There is no constitutional right to an attorney in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Akers*, 807 F. App'x 861, 867 (10th Cir. 2020) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction."). Appointment of counsel in collateral review proceedings is governed by the provisions of 18 U.S.C. § 3006A(a)(2)(B). Section 3006A(a)(2)(B) states:

> "[w]henever the United States Magistrate Judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28."

18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel at this stage of the proceedings. The Motion to Appoint Counsel will therefore be denied. If the Petition survives screening and the Magistrate Judge determines that an evidentiary hearing is warranted, counsel will be appointed as a matter of course. *See* Rules Governing § 2255 Proceedings 8(c).

3.      Petitioner's Motion for Discovery.

The Court, based on a showing of good cause, may authorize Petitioner to conduct discovery in this proceeding under the Federal Rules of Civil procedure. *See* Habeas Corpus Rules

1(b) and 6(a). In addition to a showing of good cause, to obtain leave to conduct discovery it is incumbent on Petitioner to (1) provide reasons for any requested discovery, (2) include copies of any proposed interrogatories and requests for admission, and (3) specify any requested documents. *See* Habeas Corpus Rule 6(b).

At this stage of this proceeding, Petitioner's request for discovery is premature. The Petition is pending preliminary review. It is therefore too early for the Court to determine whether, and what, discovery should be allowed. The Court will deny Petitioner's Motion for Discovery without prejudice to Petitioner's prerogative to seek such relief after the Court conducts its initial review and determines whether to order Respondent to answer the Petition.

**IT IS THEREFORE ORDERED** that:

1. Within thirty days of the entry of this Order, Petitioner must file a single amended habeas petition as described herein. Failure to timely file an amended petition may result in dismissal of this action without further notice.

2. Along with a copy of this Order, the clerk's office shall mail a form § 2255 petition to Petitioner.

3. Petitioner's Motion in Support of the Petition **(Doc. 10)** is **DENIED** as moot.

4. Petitioner's Motion to Appoint Counsel **(Doc. 4)** is **DENIED**.

5. Petitioner's Motion for Discovery **(Doc. 2)** is **DENIED** without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE