IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

v.       Civ. No. 22-cv-569 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION FOR DISCOVERY

THIS MATTER is before the Court on Petitioner Orin Kristich's Motion to Appoint Counsel, (Doc. 20), and Motion for Discovery, (Doc. 30). Having reviewed the Motions, record of the case, and relevant law, the Court denies the Motions without prejudice.

Petitioner challenges his federal convictions under 28 U.S.C. § 2255 based on, inter alia, ineffective assistance of counsel and due process deprivations. (Doc. 17) (Amended Petition). The Court reviewed Petitioner's allegations pursuant to Habeas Corpus Rule 4 and ordered the United States to respond to the Amended Petition. (Doc. 18). The United States filed its response on August 31, 2023. (Doc. 33). Petitioner's reply was due January 19, 2024, but has not been filed. *See* (Docs. 35, 38) (Orders granting Petitioner's motions for extension to file reply brief).

Petitioner asks the Court to appoint him counsel due to the complexity and nature of the claims. (Doc. 20). "There is no constitutional right to an attorney in post-conviction proceedings." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Akers*, 807 Fed. Appx. 861, 867 (10th Cir. 2020) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction."). Appointment of counsel in collateral review

proceedings is governed by the provisions of 18 U.S.C. § 3006A(a)(2)(B).  Section 3006A(a)(2)(B) states:

> "[w]henever the United States Magistrate Judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28."

18 U.S.C. § 3006A(a)(2)(B).  The Court determines that the interests of justice do not require appointment of counsel at this stage of the proceedings.  If the Court determines that an evidentiary hearing is warranted, counsel will be appointed at that time.  *See* Rules Governing § 2255 Proceedings 8(c).

Petitioner also seeks discovery from the United States relating to his underlying convictions.  (Doc. 30).  The Court, based on a showing of good cause, may authorize Petitioner to conduct discovery under the Federal Rules of Civil procedure.  *See* Habeas Corpus Rules 1(b) and 6(a).  In addition to a showing of good cause, to obtain leave to conduct discovery it is incumbent on Petitioner to: (1) provide reasons for any requested discovery, (2) include copies of any proposed interrogatories and requests for admission, and (3) specify any requested documents.  *See* Habeas Corpus Rule 6(b); *see also Moya v. Breton*, 439 Fed. Appx. 711, 715-16 (10th Cir. 2011) (unpublished) ("Good cause is established where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.") (citation and internal quotation marks and brackets omitted).  Petitioner here makes broad requests for any and all materials relating to his underlying convictions and representation by his former counsel.  *See* (Doc. 30) at 1-4.  The Court finds that Petitioner fails to establish good cause for discovery at this time because he does not state with any specificity how the discovery may develop facts to support his allegations.  Accordingly, the Court denies Petitioner's Motion for Discovery without prejudice.

IT IS THEREFORE ORDERED, for the reasons stated above, that Petitioner's Motion to Appoint Counsel, (Doc. 20), and Motion for Discovery, (Doc. 30), are DENIED without prejudice.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE