IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

v.                                               Civ. No. 22-cv-569 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

**THIS MATTER** is before the Court on Petitioner Orin Kristich's ("Petitioner") Motion for Leave to Amend the Motion for an Evidentiary Hearing, (Doc. 48), and Motion to Request for Stay, (Doc. 42), as well as the United States' Motion to Strike Petitioner's Memorandum in Support of his Motion to Vacate, (Doc. 51). Having considered the motions and record of the case, the Court **FINDS** that, (Docs. 48 and 42), shall be **DENIED** without prejudice. The Court further **FINDS** that, (Doc. 51), shall be **GRANTED IN PART, DENIED IN PART**.

    Petitioner challenges his federal convictions under 28 U.S.C. § 2255 based on, inter alia, ineffective assistance of counsel and due process deprivations. (Doc. 17) (Amended Petition). The Court reviewed Petitioner's allegations pursuant to Habeas Corpus Rule 4 and ordered the United States to respond to the Amended Petition. (Doc. 18). The United States filed its response on August 31, 2023. (Doc. 33). Petitioner's reply was due January 19, 2024, but he did not file a reply despite multiple extensions. *See* (Docs. 35, 38) (Orders granting Petitioner's motions for extension to file reply brief). Rather, Petitioner filed two motions and four letters and notices between the Court's November 3, 2023, Order granting an extension until the January 19, 2024, reply brief deadline.

**I.**    **DISCUSSION**

A.  **MOTION FOR LEAVE TO AMEND THE MOTION FOR EVIDENTIARY HEARING (DOC. 48)**

On January 31, 2024, Petitioner filed a Motion for Leave to Amend the Motion for an Evidentiary Hearing, (Doc. 48). The United States did not file an opposition.

In the motion, Petitioner seeks leave on the grounds that he was under duress and was unable to complete the motion for an evidentiary hearing, (Doc. 40), prior to a January 19, 2024, filing deadline. *Id.* at 1. Specifically, he intended to file pages 42–43 (waiver of attorney-client privilege), 44 (subpoena for "[a]ny and [a]ll [e]-mails and phone calls; notes and/or other documents with regards to [Petitioner's] plea and Mr. Fernandez's ineffectiveness"), 45 (subpoena to the United States District Court for the District of New Mexico for the sentencing hearing audio recording), and 46–48 (memorandum to the Tenth Circuit regarding his appeal counsel's purported ineffective assistance) as separate documents and/or exhibits to the motion for an evidentiary hearing, (Doc. 40). Petitioner, however, previously included the aforementioned documents with his motion for an evidentiary hearing, (Doc. 40). *See generally* (Doc. 40 at 29–52). The Court has not stricken any pages from the motion for an evidentiary hearing, (Doc. 40), even though the motion and supporting documents exceed the page limit permitted under D.N.M.LR-Civ. 7.5. The instant motion is thus duplicative of (Doc. 40). Accordingly, the Motion for Leave to Amend Motion for an Evidentiary Hearing, (Doc. 48), is **DENIED** without prejudice.

A.  **MOTION TO STRIKE DOC. 50 BY RESPONDENT (DOC. 51)**

On February 16, 2014, Petitioner filed a Memorandum in Support of his Amended Petition (hereinafter the "memorandum"). *See* (Doc. 50). The United States moves to strike the memorandum as an untimely reply. *See* (Doc. 51). The 15-page memorandum, in essence, mirrors documents attached to the Amended Petition. Specifically, the memorandum is exactly the same

2

as pages 29–47 of the Amended Petition except for grammatical corrections and slight elaborations on certain arguments in the memorandum. *Compare* (Doc. 17 at 29–47) *with* (Doc. 50). Even Petitioner acquiesced that the memorandum corrected clerical errors in the Amended Petition. *See* (Doc. 53 at 1). He further intimates that the memorandum, (Doc. 50), and the motion for an evidentiary hearing, (Doc. 40), were collectively the reply to the Amended Petition. (*Id.*) ("[d]ocument 40 has a heading that clearly states [*sic*] 'Memorandum in Support of an Evidentiary Hearing and <u>Brief Response of Government's Motion</u>.'") (citing Doc. 40 at 1, heading) (emphasis in original).

The Local Rules state that "[a] reply must be served and filed within fourteen calendar days after service of the response." D.N.M.LR-Civ. 7.4(a); *see* Rules Governing § 2255 Proceedings, Rule 5(e) ("The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."). Here, the Court previously granted two extensions, making the reply due January 19, 2024. *See* (Docs. 35, 38). Petitioner filed the memorandum on February 16, 2024. (Doc. 50). "The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing of the motion is complete." D.N.M.LR-Civ. 7.1(b). Nevertheless, when a party proceeds pro se, the court generally construes his pleadings liberally, holding them to a less stringent standard than those filed by a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In the interest of justice, and considering Petitioner's pro se status, the Court will construe the memorandum, (Doc. 50), as a reply. The Court, however, will not consider any new arguments raised for the first time in the memorandum, (Doc. 50), that were not previously raised in the Amended Petition. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016). Accordingly, Respondent's motion, (Doc. 51), is **DENIED IN PART** in that the Court will not strike the memorandum, (Doc. 50), and **GRANTED IN PART**

in that the Court will construe the memorandum, (Doc. 50), as a reply to the extent it does not address new arguments.

B.     **MOTION TO REQUEST FOR STAY BY PETITIONER (DOC. 42)**

On December 11, 2023, Petitioner filed a Motion to Request for Stay, (Doc. 42), wherein Petitioner claimed a stay was necessary because he was transferred to a lower classification and stripped of his legal documents and property. (Doc. 42 at 1). Petitioner further asserted he was prejudiced because he would be unable to meet Court deadlines absent a 90-day stay. *Id.* Petitioner did not state which deadlines, if any, he would potentially miss. The Court can only surmise Petitioner meant to reference the January 19, 2024, reply brief deadline. The United States did not file an opposition.

On November 3, 2023, the Court granted a second extension for Petitioner's reply, making the reply due January 14, 2024. (Doc. 38). From November 3, 2023, to February 16, 2024, Petitioner filed three (3) motions and one (1) memorandum in support of the Amended Petition. *See* (Docs. 40, 42, 48, and 50). Petitioner also filed five (5) notices, letters, and objections to prior Orders. *See* (Docs. 39, 41, 43, 44, and 49). Within those nine (9) documents, Petitioner asserted a plethora of claims in advance of his Amended Petition. Petitioner's prolific filing suggests he could have met the January 19, 2024, deadline absent a stay. Notwithstanding, Petitioner does not argue that a stay was necessary to do research or prepare any additional arguments on the merits for the reply brief. Indeed, the motion speaks in general terms of a deadline. It is not specific to a particular filing.

As addressed *supra*, this Court determined Petitioner's memorandum in support of the Amended Petition, (Doc. 50), is a reply to the extent the memorandum bears on Petitioner's Amended Petition. Courts have inherent authority to, among other things, regulate their docket

and promote judicial efficiency. *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). The rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Because the Court finds Petitioner's memorandum, (Doc. 50), as an untimely reply that will be considered to the extent it does not raise arguments outside of the Amended Petition, the Court sees no benefit from further delay and therefore **DENIES** Petitioner's Motion to Request for Stay, (Doc. 42), without prejudice.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Petitioner's Motion for Leave to Amend Motion for an Evidentiary Hearing, (Doc. 48), and Motion for Request to Stay, (Doc. 42), are **DENIED** without prejudice.

**IT IS FURTHER ORDERED**, for the reasons stated above that Respondent's Motion to Strike, or, in the Alternative, Construe Filing as Untimely Reply, (Doc. 51), shall be **DENIED IN PART, GRANTED IN PART**. Petitioner's memorandum, (Doc. 50), shall be construed as a reply to the extent it bears on the Amended Petition.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE