IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

v.                                                                                      Civ. No. 22-cv-569 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## ORDER GRANTING MOTION TO SEAL

**THIS MATTER** is before the Court on Petitioner Orin Kristich's ("Petitioner") Motion to Seal Document 64 Pursuant to FRCP 5.2(d)-(f) ("Motion to Seal"), (Doc. 67), filed June 23, 2025. Petitioner does not state whether he conferred with Defendant or if the Motion to Seal is opposed. The Court, however, acknowledges that the Motion to Seal contains personal identifying information and, as such, the Court **GRANTS** the Motion to Seal.

## ANALYSIS

When analyzing a motion to seal, a court begins with a "strong presumption in favor of public access" which can "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (internal quotation marks and citation omitted). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). "Parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Instead, the court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have

discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011).

Here, on May 28, 2025, Petitioner filed the Mandatory Judicial Notice, (Doc. 64), which included his personal identifying information such as his date of birth and social security number. Petitioner now moves the Court to seal the Mandatory Judicial Notice, (Doc. 64), in its entirety to protect his personal identifying information. The Court agrees that Petitioner's privacy pertaining to his personal identifying information outweighs the public interest in access to his Mandatory Judicial Notice, (Doc. 64). Accordingly, the Court grants Petitioner's Motion to Seal. The Clerk is directed to seal (Doc. 64). Petitioner may, if he so chooses, refile the Mandatory Judicial Notice with the appropriate redactions in compliance with Federal Rule of Civil Procedure 5.2(a).

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Petitioner's Motion to Seal Document 64 Pursuant to FRCP 5.2(d)-(f), (Doc. 67), is **GRANTED**. The Clerk is **DIRECTED** to seal the Mandatory Judicial Notice, (Doc. 64).

                */s/ Kevin Sweazea*
                KEVIN R. SWEAZEA
                UNITED STATES MAGISTRATE JUDGE