IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

v.                                                          Civ. No. 22-cv-569 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SEAL

**THIS MATTER** is before the Court *sua sponte* on Petitioner Orin Kristich's ("Petitioner") Supplement to Mandatory Judicial Notice ("Supplement"), (Doc. 70) filed July 25, 2025. The Supplement was filed as "Exhibit A" and is an unredacted copy of Petitioner's birth certificate. *See* (Doc. 70) at 2. Petitioner has not utilized any of the proper mechanisms to either redact personal identifying information from the public record or move to seal the document.

When determining whether to seal a document, a court begins with a "strong presumption in favor of public access" which can "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (internal quotation marks and citation omitted). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). "Parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Instead, the court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599

(1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011).

Here, on July 25, 2025, Petitioner filed the Supplement, (Doc. 70), which appears to be an unauthenticated copy of his New Mexico birth certificate. The Court finds that Petitioner's privacy pertaining to his personal identifying information outweighs the public interest in access to the Supplement, (Doc. 70). Accordingly, the Clerk is directed to seal (Doc. 70). Petitioner may, if he so chooses, refile the Supplement with the appropriate redactions in compliance with Federal Rule of Civil Procedure 5.2(a).

**IT IS THEREFORE ORDERED**, for the reasons stated above, that the Clerk is **DIRECTED** to seal the Supplement, (Doc. 70).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE