IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORIN KRISTICH,

    Petitioner,

v.                                                                             Civ. No. 22-cv-569 WJ-KRS
                                                                            Cr. No. 18-cr-02635 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT
AND STRIKING POST-JUDGMENT MOTIONS AND FILINGS**

THIS MATTER is before the Court on Orin Kristich's ("Petitioner") objections, filed August 25, 2025, (Doc. 78), which the Court construes as a Motion to Alter or Amend a Judgment, ("Motion to Alter"), under Federal Rule of Civil Procedure 59(e). Also before the Court are several post-judgment filings by the Petitioner and Respondent United States of America ("Respondent"), which include Petitioner's (i) Motion for Summary Judgment, filed August 15, 2025, (Doc. 75); (ii) Motion for Summary Judgment, filed August 18, 2025, (Doc. 76); (iii) Motion for Summary Judgment, filed August 25, 2025, (Doc. 77); (iv) Letter, filed September 4, 2025, (Doc. 79); (v) Motion regarding Corporate Disclosure Statement Pursuant to FRCP 26.1 & LRCP 26.1(a), (Doc. 81); (vi) Response in Opposition to Motion to Strike, (Doc. 82); and (vii) Notice of Change of Address, (Doc. 83); as well as Respondent's Motion to Strike Petitioner's Post-Judgment Filings, (Doc. 80). The Court will deny Petitioner's Motion to Alter. The Court will also strike all post-Judgment filings.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

On July 29, 2022, Petitioner, proceeding *pro se*, filed a motion to vacate under § 2255, (Doc. 1), followed by numerous supplements to the petition, (Docs. 5, 7-8, 11-13), and a motion

in support of the petition, (Doc. 10). By an Order of Reference Relating to Prisoner Cases, filed April 20, 2023, (Doc. 19), the Court referred the matter to the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court of the District of New Mexico, for recommended findings and disposition, and to enter non-dipositive orders. *See* (Doc. 19). Magistrate Judge Sweazea thereafter directed Petitioner to file an amended motion on the proper § 2255 form. *See* (Doc. 14). On March 9, 2023, Petitioner complied and filed his Amended 2255 Petition. (Doc. 17). Respondent filed an answer on August 31, 2023. (Doc. 33). Petitioner sought and received two extensions for his reply. (Docs. 34-35, 37-38). The Court ordered Petitioner to file his reply no later than January 19, 2024. (Doc. 38). Subsequently, Petitioner filed numerous motions unrelated to his reply from December 7, 2023, to June 9, 2025. *See* (Docs. 40, 42, 43, 48, 49, 53, 58, 61, 62, 66).

On or about August 7, 2023, Petitioner filed a writ of mandamus with the Tenth Circuit Appellate Court. (Doc. 29). The Tenth Circuit dismissed the mandamus proceeding on October 6, 2023, for failure to file a proof of service. *See* (Doc. 36 at 1). On October 11, 2023, the Tenth Circuit reinstated the mandamus. *Id.* On December 7, 2023, the Tenth Circuit denied the petition for a writ of mandamus. (Doc. 55).

On April 3, 2024, Petitioner filed a petition for writ of certiorari to the United States Supreme Court. (Doc. 54). The petition for writ of certiorari only pertained to Petitioner's petitions for a writ of mandamus to the Tenth Circuit previously discussed. *See* (Doc. 55). On June 24, 2024, Supreme Court denied his petition for writ of certiorari. (Doc. 57). Subsequently, Petitioner's Amended 2255 Petition was ripe for ruling.

On July 8, 2025, Magistrate Judge Sweazea filed his Proposed Findings and Recommended Disposition ("PFRD"). (Doc. 69). In the PFRD, Magistrate Judge Sweazea recommended denying

Petitioner's Amended 2255 Petition, denying as moot Petitioner's additional pending motions, and dismissing the case with prejudice. (*Id.* at 2, 71-72). The PFRD also notified the parties of their right to file objections and consequence for failing to timely object. (*Id.* at 72).[1]

On August 8, 2025, the Court entered an Order Adopting the PFRD ("Dismissal Order") along with a Final Judgment. *See* (Docs. 72, 73). In the Dismissal Order, the Court observed that, "[t]he PFRD notified the parties of their ability to file objections within fourteen (14) days and that failure to do so waived appellate review." (Doc. 72) at 1 (internal citation omitted). Petitioner filed his untimely objections, (Doc. 78), on August 25, 2025, approximately seventeen (17) days after the Court's Dismissal Order and Final Judgment.

## II.   ANALYSIS

The Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration. *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). However, the Tenth Circuit has held that a motion for reconsideration should be construed as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Id*. The timing of the motion dictates whether it will be analyzed under Rule 59(e) or 60(b). *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir. 1983). Rule 59(e) applies if the motion is filed within twenty-eight days of entry of judgment. *Id.*; *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter is not an opportunity "to revisit issues already

---

[1] Objections to the PFRD were due July 25, 2025, which included the three (3) days due to mail service. (Doc. 69).

3

addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *see also Servants of Paraclete*, 204 F.3d at 1012 (holding that a motion to alter or amend under Rule 59(e) is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Final judgment dismissing Petitioner's case was entered on August 8, 2025. (Doc. 73). Petitioner filed the objections on August 25, 2025, seventeen days after judgment was entered; the Court, therefore, applies Rule 59(e) to the analysis. To prevail, Petitioner must show an intervening change in controlling law, the availability of newly discovered evidence, or a clear error that must be corrected or to prevent manifest injustice. Here, Petitioner does not rely on new evidence, law, or a mistake, nor does the post-judgment filing acknowledge the Dismissal Order and Final Judgment. *See* (Doc. 78). The Court thus finds the manifest injustice exception applies even though Petitioner fails to address this exception in the Motion to Alter.

Petitioner asserts 52 superfluous objections to the PFRD that recommended denying his motion to vacate the sentence. The Court has thoroughly reviewed these objections and finds Petitioner merely restates his 84 arguments previously addressed and resolved by the Magistrate Judge's PFRD and the Court's Dismissal Order and Final Judgment. The Court already explained in detail why the record fails to show that: (1) defense and appellate counsel were deficient; (2) Petitioner's due process rights were violated; and (3) the ex post facto clause of the United States Constitution was violated. *See generally* (Docs. 68, 72). Notwithstanding, Petitioner also summarily argues that the Magistrate Judge erred by applying the incorrect legal standard to his

4

84 claims. (Doc. 78) at 7. Petitioner does not state what legal standard he believes the Magistrate Judge should have applied. Nor does Petitioner apply a particular legal standard to the facts of his case.

Therefore, the Court finds that the Motion to Alter presents arguments that are cumulative of the claims that this Court has already considered, and resolved, in Respondent's favor. Further, Petitioner has not demonstrated any a clear error that must be corrected or a manifest of injustice. Accordingly, Petitioner has failed to show that he is entitled to any relief.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. Petitioner's objections, filed August 25, 2025, (Doc. 78), which the Court construes as a Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e), is **DENIED**;

2. Respondent United States of America's Motion to Strike (Doc. 80) is **GRANTED**;

3. Petitioner Orin Kristich's post-Judgment filings (Docs. 74, 75, 76, 77, 79, 81, 82, and 83) are **STRICKEN**;

4. the **CLERK** is directed to return, unfiled, any further submissions in this civil case by Petitioner Orin Kristich other than a document required by the Tenth Circuit Court of Appeals or the Federal Rules of Appellate Procedure for Petitioner's pending appeal; and

5. this civil case is and remains **CLOSED**.

**IT IS SO ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE